# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| STEVEN DIMALANTA, | CV 18-1506 TJH (KKx) |
| Plaintiffs, | |
| v. | Order |
| UNITED HEALTHCARE SERVICES, INC., | |
| Defendant. | [10,18,20,23] |

The Court has considered Defendant United Healthcare Services, Inc.'s ["UHS"] motion to dismiss for failure to state a claim, Plaintiff Steven Dimalanta's request for remand, and UHS's request to strike Dimalanta's request for remand, together with the moving and opposing papers.

**Facts**

Dimalanta is an employee of the George T. Hall Company ["Hall"] and is enrolled in Hall's employee health plan ["the Plan"] administered by UHS.

On June 8, 2018, Dimalanta filed this action as a small claims case in the San

Bernardino Superior Court. Dimalanta is seeking $10,000.00 because UHS, allegedly, wrongfully denied reimbursement for medical treatment. On July 13, 2018, UHS removed, asserting that the Plan is covered by the Employee Retirement Income Security Act of 1974 ["ERISA"], 29 U.S.C. § 1001, *et seq*.

**Discussion**

**Motion to Dismiss**

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must assume that all factual allegations made in the complaint are true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court may not consider any legal conclusions, or any allegations in the complaint, that are conclusory. *Ashcroft v. Iqbal*, 566 U.S. 662, 681 (2009). Further, the Court must assess the factual allegations to determine whether enough facts were pled to state a facially plausible claim for relief. *Twombly*, 550 U.S. at 570. A claim is plausible when it allows the Court to draw the reasonable inference that the defendant is liable for the alleged conduct. *Twombly*, 550 U.S. at 556. The claim must be more than merely possible, such that the complaint provides fair notice to the defendant of the claim and the grounds on which it rests. *Twombly*, 550 U.S. at 545, 557.

To adequately plead a claim for ERISA benefits, Dimalanta must merely allege facts sufficient to make it plausible that UHS owes him benefits due under an ERISA plan. *See Elizabeth L. v. Aetna Life Insurance Co.,* 2014 WL 2621408, 2 (N.D. Cal. 2014).

Because UHS removed this case under 28 U.S.C. § 1331 – based on exclusive federal jurisdiction – Dimalanta's small claims court complaint was clear enough to put UHS on notice that Dimalanta is a Plan member and that he is seeking benefits under the Plan. Further, the minimal allegations establish a plausible claim that UHS owes Dimalanta benefits under the Plan.

Accordingly, Dimalanta has sufficiently stated a claim.

**Request to Remand**

Dimalanta improperly filed a request, rather than a motion, to remand. However, because he is representing himself *pro se*, the Court will consider the request as a motion.

Dimalanta argued that the Court should remand this case because the Plan is not a covered ERISA plan because it falls under the safe harbor provision of 29 C.F.R. § 2510.3-1(j). Section 2510.3-1(j) provides that ERISA does not govern any employer-offered insurance plan that meets all four of the following criteria: (1) No contributions are made by the employer; (2) Participation in the program is completely voluntary; (3) The sole functions of the employer with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees, to collect premiums through payroll deductions or dues checkoffs, and to remit them to the insurer; and (4) The employer receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

However, Dimalanta provided no facts to show that the Plan satisfies all of the requirements imposed by § 2510.3-1(j). Thus, the Court cannot remand. Consequently, UHS's procedurally improper request to strike Dimalanta's request to remand will be denied as moot.

It is Ordered that Defendant's motion to dismiss be, and hereby is, Denied.

It is further Ordered that Plaintiff's request to remand be, and hereby is, Denied.

It is further Ordered that Defendant's request to strike Plaintiff's request to remand be, and hereby is, Denied.

1     **It is further Ordered** that the parties shall engage in early mediation – within
2 60 days of this Order – with the assistance of an attorney from the District Court's
3 attorney mediation panel. *See* Local Rule 16-15.4, ADR Procedure No. 2.

5     **It is further Ordered** that if the mediation is unsuccessful, the parties shall
6 appear before the Court for a status conference at 10:00 a.m. on March 4, 2019.

Date: December 17, 2018

_____
**Terry J. Hatter, Jr.**
**Senior United States District Judge**